FILED
APR - 5 2006
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

### IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:06CR89-WKW |
| ) | [18 USC 922(g)(1)] |
| FREEMAN STEVENSON, JR., ) | |
| a/k/a "PONCHO" ) | **INDICTMENT** |

**The Grand Jury charges:**

## COUNT 1

On or about September 15, 2005, in Montgomery County, within the Middle District of Alabama, the defendant,

FREEMAN STEVENSON, JR.,
a/k/a "PONCHO",

having been convicted on or about February 25, 2002, of a felony, namely, Possession of Marijuana, First Degree, (CC 2001-01017), in the Circuit Court of Montgomery County; on or about August 1, 1986, of a felony, namely, Receiving Stolen Property, First Degree, (CC # 86–00857), in the Circuit Court of Montgomery County; and, on or about September 5, 1986, of a felony, namely, Theft of Property, Second Degree, (CC # 96–01154), in the Circuit Court of Montgomery County; all crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, did knowingly possess in and affecting commerce a firearm, namely, a Titan, .25 Caliber Pistol, Serial Number A24739, and ammunition, better descriptions of which is unknown to the grand jury, in violation of Title 18, United States Code, Section 922(g)(1).

## **FORFEITURE ALLEGATION**

A.  Count 1 of this indictment are hereby repeated and incorporated herein by reference.

B.  Upon conviction for the violations of Title 18, United States Code, Section 922(g)(1), as alleged in Count 1 of this indictment the defendant,

FREEMAN STEVENSON, JR.,
a/k/a "PONCHO",

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), all firearms involved in the commission of this offense, including but not limited to the following:

a Titan, .25 Caliber Pistol, Serial Number A24739.

C.  If any of the property described in this forfeiture allegation, as a result of any act an omission of the defendant:

(1)  cannot be located upon the exercise of due diligence;

(2)  has been transferred, sold to, or deposited with a third person;

(3)  has been placed beyond the jurisdiction of the court;

(4)  has been substantially diminished in value; or,

(5)  has been commingled with other property which cannot be divided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the property

described above, all in violation of Title 18, United States Code, Section 922(g)(1).

A TRUE BILL:

_/s/ Jayne D Aubert_
Foreperson

_/s/ Leura G. Canary_
LEURA G. CANARY
UNITED STATES ATTORNEY

_/s/ John T. Harmon_
John T. Harmon
Assistant United States Attorney

_/s/ Todd A. Brown_
Todd A. Brown
Assistant United States Attorney