IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CASE NO. 2:06-cr-89-WKW |
| | ) | |
| FREEMAN STEVENSON, JR. | ) | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
REFERENCE TO ANY AND ALL 404(b) EVIDENCE**

**COMES NOW** the Defendant, **FREEMAN STEVENSON, JR.**, by and through undersigned counsel, and moves *in limine* and pursuant to Fed. R. Evid. 401, 402, 403, 404, and 609, for an order prohibiting the United States from introducing irrelevant, immaterial and highly prejudicial argument, evidence or testimony regarding prior bad acts under Fed. R. Evid. 404(b).

On April 27, 2006, this Court issued an Order on Arraignment, requiring both parties to provide discovery in accordance with the dictates of this Court's Standing Order on Criminal Discovery. Under the terms of the Court's Standing Order, Section H, the Government is required to provide notice to the Defendant of its "intention to introduce evidence in its case in chief at trial, pursuant to Rule 404(b) of the Federal Rules of Evidence."

In a discovery letter dated May 11, 2006, the Government states, in paragraph 4, its intention to "use at trial any and all prior convictions, crimes, wrongs or acts of Defendant

1

for those uses permitted by Rules 404(b) and 609, Fed. R. Evid., and as otherwise allowed by law. The United States is presently aware of, and at this time intends to use, the following: those listed in the discovery at 4-12."

Rule 404(b) requires that the Government give the Defendant "reasonable notice" of its intention to use evidence of prior bad acts. The purpose of the Rule 404(b) notice requirement is to permit the defendant to prepare an adequate defense. *See, e.g., United States v. Barnes*, 49 F.3d 1144, 1148-49 (6th Cir. 1995) (description of the proposed evidence should be sufficiently detailed to apprise the defendant of the general nature of the conduct intended to be introduced); *United States v. Lampley*, 68 F.3d 1296 (11th Cir. 1995). Pages 4 through 12 of the discovery provided by the Government include all prior arrests of Mr. Stevenson known to the Government, dating back to 1983. Many of these arrests or charges were ultimately dismissed. Many are misdemeanors that would not be admissible under Fed. R. Evid. 609(a)(1). Many are too old to be used against Mr. Stevenson, either because of remoteness under Fed. R. Evid. 403, or because of the exclusions provided under Fed. R. Evid. 609(b). The Government's "notice" sweeps too broadly to provide the Defendant with the information the notice requirement of Rule 404(b) is meant to supply.

Furthermore, it is unlikely that Mr. Stevenson's prior arrests would meet the standard established for this circuit. *See United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978).[1] In

---

[1] Decisions of the former Fifth Circuit as of September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

*United States v. San Martin*, 505 F.2d 918, 922-23 (5th Cir. 1974), the former Fifth Circuit cautioned that

> prior crimes requiring only general intent are of meager, if any, probative value concerning the later existence of specific intent . . . prior crimes involving deliberate and carefully premeditated intent–such as fraud and forgery–are far more likely to have probative value with respect to later acts than prior crimes involving a quickly and spontaneously formed intent.

*See also United States v. Church*, 955 F.2d 688, 702-3 (11th Cir. 1992) (*citing San Martin*). The Eleventh Circuit has held extrinsic acts to be highly probative only "if the extrinsic acts require the same intent as the charged offenses and if these acts are proximate in time to the charged offenses." *United States v. Beale,* 921 F.2d 1412, 1427 (11th Cir. 1991). Mr. Stevenson's state and municipal convictions did not require the specific intent required under 18 U.S.C. § 922(g). Irrelevant and/or prejudicial evidence is not admissible at trial. Fed. R. Evid. 401, 402 and 403. The probative value of this evidence is substantially outweighed by the danger of confusing the issues and misleading the jury, and it should be excluded pursuant to Federal Rules of Evidence 401, 402, and 403.

WHEREFORE, Mr. Stevenson asks the Court to preclude the Government from offering any argument, testimony or evidence under Fed. R. Evid. 404(b).

Dated this 6th day of October 2006.

Respectfully submitted,

s/ Anne E. Borelli
ANNE E. BORELLI
Counsel for Freeman Stevenson
Federal Defenders
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: anne_borelli@fd.org
AL Bar Code: BOR-016

**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| V. | ) | Case No.: 05-CR-101-F |
| | ) | |
| **MARVIN THOMAS** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Todd Brown, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

                                                        Respectfully submitted,

                                                        s/ Anne E. Borelli
                                                        ANNE E. BORELLI
                                                        Counsel for Freeman Stevenson
                                                        Federal Defenders
                                                        201 Monroe Street, Suite 407
                                                        Montgomery, Alabama 36104
                                                        Phone: (334) 834-2099
                                                        Fax: (334) 834-0353
                                                        E-mail: anne_borelli@fd.org
                                                        AL Bar Code: BOR-016