IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **V.** ) | **CASE NO. 2:06-cr-89-WKW** |
| ) | |
| **FREEMAN STEVENSON, JR.** ) | |

### DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCE TO BURGLARY OR THEFT

**COMES NOW** the Defendant, **FREEMAN STEVENSON, JR.**, by and through undersigned counsel, and moves *in limine* and pursuant to Fed. R. Evid. 401, 402, and 403, for an order prohibiting the United States from introducing irrelevant, immaterial and highly prejudicial argument, evidence or testimony regarding an alleged burglary or theft of property.

On September 15, 2005, Montgomery City police stopped Mr. Stevenson and his passenger on suspicion that his truck had been involved in a burglary ten days earlier. Mr. Stevenson was subsequently charged in state court with Burglary in the Third Degree and Theft of Property in the First Degree. The items allegedly taken included a assorted furniture, curtains, and china. None of these items were found in Mr. Stevenson's truck. There is no allegation that Mr. Stevenson or his passenger stole a weapon or that a weapon was taken during a burglary or theft.

Irrelevant and/or prejudicial evidence is not admissible at trial. Fed. R. Evid. 401, 402 and 403. There is no probative evidence linking the alleged burglary or theft to the weapon

found in the back seat of the truck that Mr. Stevenson was driving and in which his passenger was riding at the time of his arrest. Because Mr. Stevenson is charged only with possession of a firearm, the only question before the jury is whether Mr. Stevenson knowingly possessed the firearm.[1] Allowing the Government to present evidence concerning the burglary and theft of property, absent any evidence that the gun is tied to the burglary or theft of property, would only serve to prejudice the jury. Therefore, evidence of the burglary and theft of property must be excluded.

WHEREFORE, Mr. Stevenson asks the Court to preclude the government from offering any argument, testimony or evidence regarding the burglary and theft of property.

Dated this 6th day of October 2006.

Respectfully submitted,

s/ Anne E. Borelli
ANNE E. BORELLI
Counsel for Freeman Stevenson
Federal Defenders
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: anne_borelli@fd.org
AL Bar Code: BOR-016

---

[1] Mr. Stevenson will stipulate to a prior felony conviction.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **V.** ) | Case No.: 05-CR-101-F |
| ) | |
| **MARVIN THOMAS** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Todd Brown, Esquire
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104

Respectfully submitted,

s/ Anne E. Borelli
ANNE E. BORELLI
Counsel for Freeman Stevenson
Federal Defenders
201 Monroe Street, Suite 407
Montgomery, Alabama 36104
Phone: (334) 834-2099
Fax: (334) 834-0353
E-mail: anne_borelli@fd.org
AL Bar Code: BOR-016